CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 1 0 2007
JOHN F. CORCORAN, CLERK
BY: HMcDaniel
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LARRY RAY JOHNSON, #101523,** ) | |
| Plaintiff, ) | Civil Action No. 7:07cv00217 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **J DEEL, et al.,** ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

This matter is before the court on plaintiff's complaint filed pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Upon review of court records, I find that this action must be dismissed without prejudice pursuant to 28 U.S.C. §1915(g).

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions dismissed for failure to state a claim or as malicious. In Johnson v. Blevins, Civil Action Number 7:01cv00189 (April 5, 2001), this court recognized and found that plaintiff has "three strikes" under 28 U.S.C. § 1915(g). See also Johnson v. Deeds, Civil Action Number 7:99-cv-00806. Therefore, as plaintiff has at least three "strikes" within the meaning of § 1915(g), he cannot file this action without prepayment of the $350.00 fee statutorily required for filing civil actions unless he demonstrates that he is "under imminent danger of serious physical injury." § 1915(g). Plaintiff has filed with his present complaint an in forma pauperis affidavit in an apparent attempt to circumvent the requirement that he prepay the $350.00 filing fee.

In his complaint, plaintiff alleges that the prison grievance system and the inmate health system's requirement of a co-payment violate his constitutional rights. Plaintiff also alleges a medical disagreement concerning the number of Tylenol he should have been given per day while experiencing shingles. Plaintiff adds that he came down with shingles following the receipt of a tetanus inoculation. He avers that the nurse who administered the tetanus shot actually injected him with shingles, in retaliation against him for having masturbated in front of her. Having reviewed the complaint, I do not find that Johnson states any claims from which it could be concluded that he is presently at imminent risk of serious physical harm related to an ongoing violation of his constitutional rights.

Based on the foregoing, I am of the opinion that plaintiff has three "strikes" within the meaning of §1915(g) and that he has failed to demonstrate any imminent danger of serious physical harm sufficient to allow him to proceed in forma pauperis without prepayment of the $350.00 filing fee. Accordingly, the plaintiff's request to proceed in forma pauperis on this action shall be denied pursuant to § 1915(g) and this action shall be dismissed without prejudice.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER:** This 10th day of May, 2007.

Senior United States District Judge